IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| HANNAH MICHELLE ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>TRENTON RYAN GARNER,<br>in his individual capacity,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>FILE NO. |

## COMPLAINT

Plaintiff, complaining of the Defendant, alleges and states:

**PARTIES**

**1.** Plaintiff Hannah Michelle Israel is an individual residing at 882 Grady Road, Rockmart, Georgia 30153.

**2.** Upon information and belief, Defendant Trenton Ryan Garner is a police officer employed by the Cedartown Police Department and the City of Cedartown, Georgia, who at all times relevant to this Complaint was acting under color of state law in his capacity as a law enforcement officer.

**3.** All acts complained of herein were committed by Defendant Trenton Ryan Garner in his individual capacity while acting under color of state law.

**JURISDICTION AND VENUE**

**4.** This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3), which provides original jurisdiction for civil actions to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

**5.** Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

**6.** Plaintiff is the owner of real property located at 882 Grady Road, Rockmart, Georgia 30153, which includes enclosed pastureland.

**7.** Plaintiff was the owner of a young, small donkey named "HeeHaw" who was born, raised, and resided on her property.

**8.** On or about August 29, 2026, the Cedartown Police Department claims it was conducting a search for a missing person yet that person was not located on Plaintiff's property.

**9.** On or about 10:30 p.m. on August 29, 2026, through 1:00 a.m. on August 30, 2026, Defendant Trenton Ryan Garner and other law enforcement officers, accompanied by a K-9 dog and/or a bloodhound, and assisted by a local fire department of Rockmart – utilizing a drone, entered onto Plaintiff's property.

**10.** Specifically, Defendant Trenton Ryan Garner and the other officers entered the enclosed pastureland belonging to Plaintiff.

**11.** At no time did Defendant Trenton Ryan Garner or any other officer seek or obtain the knowledge, consent, or permission of Plaintiff or anyone authorized to act on her behalf to enter the property.

**12.** At no time did Defendant Trenton Ryan Garner or any other officer possess a warrant authorizing entry onto Plaintiff's property.

**13.** Defendant Trenton Ryan Garner and the other officers had no exigent circumstances or other legal justification to enter Plaintiff's enclosed pastureland.

**14.** While unlawfully present on Plaintiff's property, Defendant Trenton Ryan Garner encountered Plaintiff's donkey, named HeeHaw.

**15.** HeeHaw was a young, small, and tranquil donkey who posed no threat to Defendant Trenton Ryan Garner or any other officer or any K-9 or bloodhound accompanying the officers.

**16.** Defendant Trenton Ryan Garner then shot HeeHaw with his firearm, killing HeeHaw, while on Plaintiff's property.

**17.** The use of a firearm against HeeHaw was objectively unreasonable under the circumstances.

**18.** After killing HeeHaw, Defendant Trenton Ryan Garner and the other officers left Plaintiff's property without directly contacting Plaintiff.

**19.** Defendant Trenton Ryan Garner and officers left HeeHaw's carcass on Plaintiff's property without notifying Plaintiff of its location.

**20.** Later that night, and in the early morning hours of August 30, 2026, Plaintiff received a phone call from a supervisor associated with the Cedartown Police Department.

**21.** The caller tersely informed Plaintiff that a donkey on her property had been "dispatched."

**22.** The caller later referenced that the donkey had been shot and killed by a police officer who had entered her property that night while looking for a missing person.

**23.** The caller did not inform Plaintiff where on her property HeeHaw's carcass could be located.

**24.** The caller provided no other meaningful information.

**25.** Upon receiving this traumatic notice in the middle of the night, Plaintiff, accompanied by a minor child, began to search the many acres of pastureland in darkness to locate HeeHaw's body.

**26.** Plaintiff and a minor child searched for a significant period of time before finally locating HeeHaw's carcass.

**27.** The experience of searching for and discovering her dead donkey in the middle of the night caused Plaintiff severe emotional distress.

**28.** The presence of a minor child during this search compounded Plaintiff's distress.

**29.** After the incident, law enforcement officers associated with the Cedartown Police Department and other Departments neither returned to Plaintiff's property nor meaningfully communicated with Plaintiff; furthermore, the media became involved on or about August 31, 2026.

**30.** At no time prior to entering Plaintiff's property did Defendant Trenton Ryan Garner or any other officer attempt to contact Plaintiff or seek permission to search her land.

**31.** Plaintiff's property rights in the enclosed pasture were clearly established and objectively reasonable.

**32.** HeeHaw had significant monetary value to Plaintiff.

**33.** HeeHaw also had sentimental and emotional value to Plaintiff.

**34.** As a direct and proximate result of Defendant Trenton Ryan Garner 's actions, Plaintiff has suffered damages including the loss of her property (HeeHaw), emotional distress, mental anguish, and deprivation of her constitutional rights.

## COUNT I — UNLAWFUL ENTRY AND SEARCH IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)

**35.** Plaintiff incorporates by reference paragraphs 1 through 5 to establish the parties, paragraphs 4-5 to establish this Court's jurisdiction and venue, and paragraphs 6-34 to establish the factual basis for this cause of action.

**36.** The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures and applies to the states through the Fourteenth Amendment.

**37.** Plaintiff had a reasonable expectation of privacy in her enclosed pastureland located on her private property at 882 Grady Road, Rockmart, Georgia 30153.

**38.** Defendant Trenton Ryan Garner, acting under color of state law, entered Plaintiff's enclosed pastureland without a warrant, without Plaintiff's consent, and without any lawful justification or exigent circumstances.

**39.** Defendant Trenton Ryan Garner 's warrantless entry onto and search of Plaintiff's enclosed pastureland constituted an unreasonable search in violation of the Fourth Amendment.

**40.** Defendant Trenton Ryan Garner 's conduct was objectively unreasonable and violated Plaintiff's clearly established constitutional rights.

**41.** Defendant Trenton Ryan Garner 's actions were done maliciously, wantonly, purposefully, knowingly, intentionally, and recklessly, with deliberate indifference to and reckless disregard for Plaintiff's clearly established constitutional rights, and, in the alternative, with gross negligence.

**42.** As a direct and proximate result of Defendant Trenton Ryan Garner 's unreasonable seizure and destruction of Plaintiff's property, Plaintiff suffered harm.

## COUNT II — UNREASONABLE SEIZURE AND DESTRUCTION OF PROPERTY IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)

**43.** Plaintiff incorporates by reference paragraphs 1 through 5 to establish the parties, paragraphs 4-5 to establish this Court's jurisdiction and venue, and paragraphs 6-34 to establish the factual basis for this cause of action.

**44.** The Fourth Amendment protects individuals against unreasonable seizures of their property.

**45.** Plaintiff owned HeeHaw, a donkey with both monetary and sentimental value.

**46.** Defendant Trenton Ryan Garner, acting under color of state law, seized and destroyed Plaintiff's property by shooting HeeHaw with a firearm, resulting in HeeHaw's death.

**47.** HeeHaw was a young, small, and tranquil donkey who posed no actual threat to Defendant Trenton Ryan Garner or any other person or animals associated with law enforcement (such as K-9 and/or bloodhound).

**48.** Defendant Trenton Ryan Garner's decision to use force against HeeHaw was without actual provocation and without any reasonable basis to perceive a threat.

**49.** Defendant Trenton Ryan Garner 's use of firearm to kill HeeHaw was objectively unreasonable under the circumstances and constituted an

unreasonable seizure and destruction of Plaintiff's property in violation of the Fourth Amendment.

**50.** No reasonable officer in Defendant Trenton Ryan Garner's position would have believed that such force was necessary or justified.

**51.** Defendant Trenton Ryan Garner's conduct violated Plaintiff's clearly established constitutional rights.

**52.** Defendant Trenton Ryan Garner 's actions were done maliciously, wantonly, purposefully, knowingly, intentionally, and recklessly, with deliberate indifference to and reckless disregard for Plaintiff's clearly established constitutional rights, and, in the alternative, with gross negligence.

**53.** As a direct and proximate result of Defendant Trenton Ryan Garner 's unreasonable seizure and destruction of Plaintiff's property, Plaintiff suffered harm.

## COUNT III — DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

**54.** Plaintiff incorporates by reference paragraphs 1 through 5 to establish the parties, paragraphs 4-5 to establish this Court's jurisdiction and venue, and paragraphs 6-34 to establish the factual basis for this cause of action.

**55.** The Fourteenth Amendment to the United States Constitution provides that no state shall deprive any person of property without due process of law.

**56.** In the alternative to Counts I and II, and if Defendant Trenton Ryan Garner's conduct is found to fall outside the protections of the Fourth Amendment, Plaintiff brings this claim under the Fourteenth Amendment.

**57.** Plaintiff had a protected property interest in HeeHaw.

**58.** Defendant Trenton Ryan Garner, acting under color of state law, intentionally and deliberately deprived Plaintiff of her property interest in HeeHaw by killing HeeHaw without pre-deprivation or post-deprivation process.

**59.** Defendant Trenton Ryan Garner's actions were deliberate and not merely negligent or the result of a random, unauthorized act.

**60.** At no time did Defendant Trenton Ryan Garner or any other officer provide Plaintiff with notice or an opportunity to be heard before depriving her of her property.

**61.** Defendant Trenton Ryan Garner 's conduct deprived Plaintiff of her property without due process of law in violation of the Fourteenth Amendment.

**62.** Defendant Trenton Ryan Garner's actions were done maliciously, wantonly, purposefully, knowingly, intentionally, and recklessly, with deliberate indifference to and reckless disregard for Plaintiff's clearly established constitutional rights, and, in the alternative, with gross negligence, and in a manner that shocks the conscience in a constitutional sense.

**63.** As a direct and proximate result of Defendant Trenton Ryan Garner's unreasonable seizure and destruction of Plaintiff's property, Plaintiff suffered harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hannah Michelle Israel respectfully requests that this Court enter judgment in her favor and against Defendant Trenton Ryan Garner, and grant the following relief:

**A.** Compensatory damages in an amount to be determined at trial;

**B.** Punitive damages against Defendant Trenton Ryan Garner in an amount to be determined at trial;

**C.** Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b);

**D.** Pre-judgment and post-judgment interest as allowed by law; and

**E.** Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Christopher Lee McCormick
CHRISTOPHER LEE MCCORMICK
The McCormick Firm, P.C.
Attorney for Plaintiff
GA Bar No. 188658
105 Pilgrim Village Drive, Suite 400
Cumming, GA 30040
chris@mccormickfirmpc.com
Phone: 678-667-7925
Fax: 678-245-4648

Dated: September 11, 2026

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Lee McCormick
CHRISTOPHER LEE MCCORMICK
The McCormick Firm, P.C.
Attorney for Plaintiff
GA Bar No. 188658
105 Pilgrim Village Drive, Suite 400
Cumming, GA 30040
chris@mccormickfirmpc.com
Phone: 678-667-7925
Fax: 678-245-4648

Dated: September 11, 2026